UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

CARMEN J. MIJARES
and other similarly situated individuals,

    Plaintiff(s),

v.

BOWLING SUPERMARKET INC.
and NORBERTO BENITEZ-CALDERON,
individually,

    Defendants,
\_
_____/

## **COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff CARMEN J. MIJARES and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant BOWLING SUPERMARKET INC., and NORBERTO BENITEZ-CALDERON individually, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid overtime wages, under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CARMEN J. MIJARES is a resident of Belle Glades, Palm Beach County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendant BOWLING SUPERMARKET INC. (hereinafter BOWLING SUPERMARKET, or Defendant) is a Florida corporation, having a place of business in

Belle Glade, Palm Beach County, Florida, where Plaintiff worked for Defendant. The Defendant was and is engaged in interstate commerce.

4. The individual Defendant NORBERTO BENITEZ-CALDERON was and is now, the owner/officer and manager of Defendant Corporation BOWLING SUPERMARKET. Defendant NORBERTO BENITEZ-CALDERON is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Belle Glade, Palm Beach County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CARMEN J. MIJARES as a collective action to recover from Defendants, regular wages, overtime compensation, liquidated damages, retaliatory damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2016, (the "material time") without being properly compensated.

7. Defendant BOWLING SUPERMARKET is a Hispanic/specialty supermarket and Mexican restaurant located at 1425 S. Main Street, Belle Glade, FL 33430, where the Plaintiff worked.

8. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON employed Plaintiff CARMEN J. MIJARES as a cleaning employee from approximately

November 1, 2018, to October 19, 2019, or 50 weeks. However, for FLSA purposes, Plaintiff relevant time of employment is 21 weeks.

9. After approximately March 2019, the Plaintiff's working hours were reduced, and she rarely worked more than 40 hours in a week period.

10. The Plaintiff was hired as a full-time, non-exempted, hourly employee. The Plaintiff had duties as a cleaning employee, and during her relevant employment period, she was paid weekly at the rate of $8.25 and $8.46 an hour.

11. While employed by Defendants, the Plaintiff had a regular schedule. She worked 6 per week from 12:00 PM to 10:00 PM (10 hours daily), resulting in 60 hours per week.

12. Every week, the Plaintiff worked in excess of 40 hours, and she was paid always for overtime hours, but at her regular rate. In addition, Plaintiff alleges that she was not paid for all her overtime hours, she worked an average of 60 hours weekly but was paid always for less than 60 hours.

13. The Plaintiff clocked in and out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked every week.

16. Plaintiff complained repeatedly about the lack of payment for overtime hours with the owner of the business NORBERTO BENITEZ-CALDERON.

17. The Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on her best recollections. Calculations will be based on a workweek of 60 hours. After proper discovery Plaintiff will adjust her calculations to deduct overtime hours paid at her regular rate.

18. Plaintiff CARMEN J. MIJARES seeks to recover half-time overtime wages for every hour in excess of 40 that she was paid at her regular wage-rate; overtime pay for hours that were not paid to her at any rate during her entire period of employment liquidated damages and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

20. Plaintiff CARMEN J. MIJARES re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff CARMEN J. MIJARES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2016,

(the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant BOWLING SUPERMARKET was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail business operating as a supermarket/restaurant and is engaged in interstate commerce. The Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the proportional annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. The Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

24. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON employed Plaintiff CARMEN J. MIJARES as a cleaning employee from approximately November 1, 2018, to October 19, 2019, or 50 weeks. However, for FLSA purposes, Plaintiff relevant time of employment is 21 weeks.

25. After approximately March 2019, the Plaintiff's working hours were reduced, and she rarely worked more than 40 hours in a week period.

26. The plaintiff was hired as a full-time, non-exempted, hourly employee. The Plaintiff had duties as a cleaning employee, and during her relevant employment period, she was paid weekly at the rate of $8.25 and $8.46 an hour.

27. While employed by Defendants, the Plaintiff had a regular schedule. She worked 6 days per week, from 12:00 PM to 10:00 PM (10 hours daily), resulting in 60 working hours per week.

28. Every week, the Plaintiff worked in excess of 40 hours, and she was paid always for overtime hours, but at her regular rate. In addition, Plaintiff alleges that she was not paid for all her overtime hours, Plaintiff worked an average of 60 hours weekly, but she was paid for less than 60 hours always.

29. The Plaintiff clocked in and out and the Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

31. The Plaintiff was paid with paystubs that did not reflect the number of days and the real number of hours worked.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain time accurate records of hours worked by the Plaintiff and other employees.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery will deduct payment received for overtime hours paid at regular rate

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Five Thousand Two Hundred Eighty Dollars and 20/100 ($5,280.20)

   b. <u>Calculation of such wages</u>:

   Total time of employment: 50 weeks
   Total number of relevant weeks: 21 weeks
   Total hours worked:  60 hours weekly
   Total overtime hours: 20 hours

   1.- 2018 Overtime calculations for 8 weeks paid at $8.25

   Relevant weeks:  8 weeks
   Total overtime hours: 20 O/T hours
   Regular rate: $8.25 x 1.5= $12.38 O/T rate
   O/T rate: $12.38

   O/T rate $12.38 x 20 O/T hours=$247.60 weekly x 8 weeks=$1,980.80

   2.- 2019 Overtime calculations for 13 weeks paid at $8.46

   Relevant weeks:  13 weeks
   Total overtime hours: 20 O/T hours
   Regular rate: $8.46 x 1.5= $12.69 O/T rate
   O/T rate: $12.69

   O/T rate $12.69 x 20 O/T hours=$253.80 weekly x 13 weeks=$3,299.40

    c. <u>Nature of wages (e.g. overtime or straight time):</u>

    This amount represents unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At the times mentioned, individual Defendant NORBERTO BENITEZ-CALDERON was the owner and manager of BOWLING SUPERMARKET. Defendant NORBERTO BENITEZ-CALDERON was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of BOWLING SUPERMARKET in relation to their employees, including Plaintiff and others similarly situated. Defendant NORBERTO BENITEZ-CALDERON had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

40. Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARMEN J. MIJARES and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CARMEN J. MIJARES and other similarly situated individuals and against the Defendants BOWLING SUPERMARKET and NORBERTO BENITEZ-CALDERON based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CARMEN J. MIJARES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARMEN J. MIJARES demands trial by a jury of all issues triable as of right by jury.

Dated:  November 7, 2019

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*